**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **EDNA STREMPEL,** | § | |
| | § | |
| **v.** | § | **NO.  A-06-CA-474  LY** |
| | § | |
| **MICHAEL J. ASTRUE,** | § | |
| **COMMISSIONER OF THE SOCIAL** | § | |
| **SECURITY ADMINISTRATION** | § | |

<u>**REPORT AND RECOMMENDATION**</u>
<u>**OF THE UNITED STATED MAGISTRATE JUDGE**</u>

TO:     THE HONORABLE LEE YEAKEL
         UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Original Complaint (Clerk's Doc. No. 1);  Plaintiff's Brief (Clerk's Doc. No. 9);  Defendant's Brief in Support of the Commissioner's Decision (Clerk's Doc. No. 15); and the Social Security Record filed in this case  (Cited as "Tr.").  Plaintiff appeals from the Administrative Law Judge's (ALJ) determination that she is not "disabled" and presents for review the following issues: (1) whether the ALJ's decision failed to give proper weight to the medical opinions of treating doctors; (2) whether Plaintiff's credibility was properly discounted; and (3) whether the ALJ's decision properly assessed Plaintiff's ability to perform the jobs cited.

**BACKGROUND**

Plaintiff, at the time of hearing, was a 53 year-old female with a high school education who spent a number of years working at IBM.  She then became a co-owner, with her husband and sister, of an adult day care center.  When Plaintiff's mother passed away in 1997, Plaintiff suffered from depression and her health began to decline.  By 2001, Plaintiff stated that she could no longer work because of her frequent migraine headaches, general fatigue, hypertension, diabetes, irritable bowel syndrome, and depression.  She worked at the adult day care center, helping her husband with administrative tasks, from March 2003 to December 2003, but then had to stop because her medical

issues became such that she could not continue to work.  Plaintiff requested disability benefits but was denied.  She appeals from this decision.

## ANALYSIS

The Court's review of the ALJ's decision to deny benefits is limited to two inquiries: whether the decision is supported by substantial evidence and whether the ALJ applied the proper legal standards.  *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).  Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion", *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and is "more than a mere scintilla[ ] and less than a preponderance."  *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).  If supported by substantial evidence, the ALJ's factual findings are conclusive.  42 U.S.C. § 405(g).  "The court does not reweigh the evidence in the record, try the issues de novo, or substitute its judgment for the ALJ's, even if the evidence weighs against the ALJ's decision."  *Newton*, 209 F.3d at 452.  The ALJ, rather than the court, is charged with resolving any conflicts in the evidence.  *Id*.

Two of Plaintiff's arguments – (1) that the ALJ's opinion failed to give proper weight to the medical opinions of Plaintiff's treating physician; and (2) that the ALJ did not properly assess her credibility – can properly be considered together given that they both turn on the ALJ's treatment of the evidence before him.

Regarding the medical opinions, Plaintiff begins with lengthy summaries of her subjective complaints to the various physicians and medical personnel she has seen, *see* Plaintiff's Brief at 4-6, and then summarily contends that the ALJ ignored this mass of medical evidence.  To be sure, the ALJ is required to take into account the claimant's subjective complaints (e.g., pain and fatigue), *see* 20 C.F.R. § 404.1529(a), *Mancera v. Barnhart*, 67 Fed. App'x 248 (5th Cir. 2003), and any finding that the claimant's statements about these symptoms is not credible must be based on specific reasons and supported by evidence.  *See* S.S.R. 96-7p, at 4.  Further, the regulations and case law

2

provide that the opinions of a treating physician are to be given controlling weight unless they are inconsistent with the substantial evidence or are not well supported by accepted medial diagnostic techniques. *See* 20 C.F.R. §§ 416.927(d)(2) & 404.1527(d)(2); *Newton v. Apfel,* 209 F.3d 448, 456 (5th Cir. 2000).[1]

But Plaintiff's argument misses the mark because the ALJ did discuss, in detail, Plaintiff's symptoms, and gave appropriate weight to her treating physician's opinions. *See* Tr.14-15 (discussing Plaintiff's diabetes, mental conditions, fatigue, anxiety, nervousness, hot flashes, migraines, depression, irritable bowel syndrome, etc.). More than that, the ALJ noted that Plaintiff's treating physician, Dr. Diaz, determined that Plaintiff's depression imposes no more than minimal limitations on her, thereby undercutting Plaintiff's complaints that her depression is disabling. Tr. 14, 136. Further, consistent with Diaz's findings, the ALJ acknowledged that Plaintiff has "migraine headaches, depression, diabetes, irritable bowel syndrome, and hypertension." Tr. 14-15. But the ALJ also noted, consistent with the record, that Plaintiff testified she mows the lawn (on a riding mower), cooks meals two to three times a week, does laundry, vacuums, and complete other chores around the house. Tr. 258-63. In addition, the ALJ noted that Plaintiff's complaints regarding the disabling migraines are not supported by the objective medical evidence. The ALJ pointed out Plaintiff had told Dr. Diaz that in 2001 the migraines had been well-controlled with Midrin (although

---

[1]In determining the weight to give a treating doctor's opinions, the ALJ shall consider:

(1) the physician's length of treatment of the claimant,
(2) the physician's frequency of examination,
(3) the nature and extent of the treatment relationship,
(4) the support of the physician's opinion afforded by the medical evidence of record,
(5) the consistency of the opinion with the record as a whole, and
(6) the specialization of the treating physician.

*Newton,* 209 F.3d at 456.

it had proven hard to purchase because of manufacturing problems), Tr. 138-39, but, in any event, when she saw Diaz in 2004, she told him "that the migraine headaches are infrequent now on the calcium channel blocker." Tr. 146. Importantly, nowhere in the record is there any evidence that Dr. Diaz was of the opinion that Plaintiff's afflictions, either singly, or in combination, prevented her from working. In short, the record establishes rather plainly that the ALJ followed the applicable regulations and gave proper weight to the opinions of Dr. Diaz.

With regard to the credibility determination, the ALJ concluded that the record did not support Plaintiff's claims regarding the severity or her conditions. In this regard, in one section of her brief, Plaintiff contends that the ALJ's conclusion that her migraines are "infrequent" was inconsistent with the ALJ's statement that Plaintiff testified that she suffers from migraines "3 to 6 days per week" Plaintiff's Brief at 2. At a later point, however, Plaintiff contends that the ALJ's statement that Plaintiff suffers from migraines 3 to 6 days per week was incorrect, and thus his findings that Plaintiff was overstating the severity of her condition was flawed. *Id.* at 9. Plaintiff cannot have it both ways.

The fact of the matter is that the record establishes that Plaintiff claims to suffer from migraines approximately once a month, with the symptoms lasting up to 3 days from start to finish. Tr. at 254-55. Further, the record reflects that in 2004 Plaintiff told her doctor that he migraines were "infrequent." Tr. 146. This record is consistent with the ALJ's conclusion that the migraines are infrequent.[2] More pertinent to the ALJ's credibility determination – and something ignored in Plaintiff's brief – is the fact that Plaintiff *did* testify that she spends more than half of her days bedridden because of her medical condition. Tr. 260-61. With regard to this and other testimony concerning the claimed severity of Plaintiff's ailments (*e.g.*, muscle pain, and disabling depression),

---

[2]It appears clear that the ALJ intended to write that the migraines occur 3 to 6 days a "month," not a "week."

the ALJ's finding that Plaintiff's "allegation of complete inability to sustain competitive employment" was "less than credible" is absolutely consistent with the record. The objective medical evidence simply does not corroborate Plaintiff's allegations regarding how severe her conditions are. Because the evaluation of a claimant's subjective symptoms is a task within the province of the ALJ, who has an opportunity to observe whether a person seems to be disabled, *see Gardner v. Massanari*, 264 F.3d 1140 (5th Cir. 2001), and based on the record just discussed, the Court will not disturb the ALJ's credibility determinations.

The final issue is whether the ALJ assessed Plaintiff's ability to perform the jobs cited. Plaintiff's first argument here is obscure. She cites the standard for determining whether an individual is capable of performing "substantial gainful activity," *see* Plaintiff's Brief at 7, and then states, correctly, that in determining an individual's "residual functional capacity" the ALJ should "provide appropriate rationale with specific references to evidence of record in support of the assessed limitations." *Jones v. Barnhart*, 372 F. Supp. 989, 1005 (S.D. Tex. 2005). So far, so good. However, Plaintiff next flatly asserts, with no citation to the transcript, that the case needs to be remanded because the ALJ failed to provide the appropriate rationale. *See* Plaintiff's Brief at 8.

This is demonstrably wrong. In the opinion, the ALJ cites numerous reasons why he arrived at the level of functioning he did for the Plaintiff. *See* Tr. 15-16. For example, he points to – as the Court did above – Plaintiff's ability to mow the lawn, help babysit her grandchildren, do chores around the house, cook, and occasionally attend church service. He also points out that Plaintiff's alleged vision problems and irritable bowel syndrome are not nearly as severe, based on the objective medical evidence, as she contends they are. Further, the ALJ granted Plaintiff the benefit of the doubt to the extent that he found that she has mild to moderate limitations in her ability to function in different areas, and he framed the hypothetical question to the vocation expert accordingly. Tr. 15-16. In other words, it cannot credibly be asserted that the ALJ did *not* "provide appropriate

rationale with specific references to evidence of record in support of the assessed limitations."

*Jones*, 372 F. Supp. at 1005.[3]

## RECOMMENDATION

The Magistrate Court **RECOMMEND**S that the District Court **AFFIRM** the decision of the Commissioner.

## WARNINGS

The parties may file objections to this Report and Recommendation.   A party filing objections must specifically identify those findings or recommendations to which objections are being made.   The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C);  *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

---

[3]In her brief, Plaintiff's contends that the ALJ incorrectly computed her age as 52, when in reality she was 53 at the time of the hearing.  Plaintiff contends that this is significant because a person age 55 with no transferable skills will be found disabled.  This is fine as far as it goes, but again, Plaintiff misses the mark with her argument.  Any error regarding her age is harmless because the vocational expert found, and the ALJ agreed,  that Plaintiff *did* have transferable skills.  Tr. 271-73.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 18th day of October, 2007.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE